Dear Mr. Brown:
This opinion is in response to your questions asking:
 (1) Does the limitation of 10¢ per mile for mileage allowance for judges of the county court, as specified in Section 49.100, RSMo 1978, extend to county employees as well as county judges?
 (2) May the county court exercise its own discretion in establishing a mileage allowance for county employees, or is such allowance restricted to the reimbursement computation as specified by Section 33.095, RSMo 1978?
 (3) Does the letter from the Commissioner of Administration to presiding judges of the county courts, dated July 23, 1979, constitute an order such as the mileage allowance reimbursement level be increased to 17¢ per mile; if not, what are the specific requirements for the issuance of an `order'?
Section 33.095, RSMo, provides:
 Other provisions of law notwithstanding, in every instance where an officer or employee of the state or any county, except first class counties with a charter form of government, is paid a mileage allowance or reimbursement, the allowance or reimbursement shall be computed at the rate of ten cents per mile unless a higher rate is specifically authorized by statute or order of the commissioner of administration.
Section 49.100, RSMo, provides:
 The judges of the county court in counties of the second class shall receive the sum of ten cents per mile for each mile actually and necessarily traveled in the performance of their official duties. All claims for reimbursement for mileage shall be in writing, and signed by the judge making claim therefor, and filed with the clerk of the county court. Every such claim shall show the miles traveled, the date of each trip, the nature of the business, and the places to and from which such judge has traveled during the period covered.
We understand that you have a copy of Att'y Gen. Op. No. 39, Stevenson, March 11, 1980. In that opinion we concluded that county judges in second class counties should be reimbursed at the rate of ten cents per mile for each mile actually traveled in the performance of their official duties pursuant to § 49.100. In answer to your first question it is clear that § 49.100 pertains only to county court judges in such counties. After you asked these questions and after Opinion No. 39 was issued, the Commissioner of Administration promulgated an emergency rule and a proposed rule (1 CSR 10-11.020) filed with the Secretary of State, March 28, 1980, effective, respectively, April 7, 1980, and July 11, 1980; copy enclosed. The rule provides:
 Where an officer or employee of any county, except first class counties with a charter form of government, is paid a mileage allowance or reimbursement, the allowance or reimbursement shall be computed at a rate not to exceed seventeen cents per mile.
This rule appears to authorize a county court to fix a mileage rate of less than seventeen cents a mile. However, it is our view that § 33.095, RSMo, which provides authority for the Commissioner of Administration to fix such mileage reimbursement, does not authorize the Commissioner to allow a county court to fix a mileage rate which is less than seventeen cents per mile. Therefore, the seventeen cent rate is applicable to all such county officers and employees. Accordingly, we withdraw Opinion No. 39-1980. However, we note that all the provisions of § 49.100, except the mileage rate of ten cents, remain in effect.
Your second question asks whether the county court may exercise its discretion in establishing a mileage allowance for county employees. We answered that question, in part, above. Section 33.095 and the order of the Commissioner of Administration expressly cover officers and employees of any county except first class counties with a charter form of government who are paid mileage. The statute does not allow the county court any discretion in fixing mileage rates.
Your third question is now moot and does not require an answer.
In addition, it should be clear that the provisions of § 33.095 relate to the mileage allowance to such employees and neither that section nor the order of the Commissioner of Administration has any effect on mileage rates taxable as court costs for sheriffs' services which are paid into the county treasury.
CONCLUSION
It is the opinion of this office that under the provisions of § 33.095, RSMo, in every county other than a first class charter county, county employees who are paid a mileage allowance or reimbursement will have that allowance or reimbursement computed at the rate of seventeen cents per mile, as set by order of the Commissioner of Administration, unless a higher rate is specifically authorized by statute. The seventeen cent per mile rate will prevail over the ten cent per mile rate provided for county court judges of second class counties under § 49.100, RSMo, although mileage can only be paid for travel authorized by § 49.100. Such a county court does not have authority to pay a mileage allowance to such employees other than the seventeen cents per mile authorized by the Commissioner of Administration or a higher rate, if authorized by a statute. Section 33.095 has no effect on sheriffs' mileage fees which are taxable as court costs.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General